******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

## MEHDI H. SONTHONNAX *v.* LONGBAO XING
### (AC 47205)

Alvord, Suarez and Bear, Js.

*Syllabus*

The defendant appealed from the trial court's judgment dissolving her marriage to the plaintiff and issuing certain financial orders. The defendant claimed that the financial orders were based on a clearly erroneous factual finding with respect to the plaintiff's income. *Held*:

The trial court's finding as to the plaintiff's gross weekly income was without evidentiary support and thus clearly erroneous, as that finding was based on the plaintiff's financial affidavit, which significantly underreported his gross base income from one of his employers.

Because the trial court expressly considered its erroneous factual finding as to the plaintiff's income when issuing its alimony and child support orders, which were not severable from the court's property distribution orders, the judgment was reversed as to all financial orders and the case was remanded for a new trial on all financial issues, including the court's award of attorney's fees to the defendant's former counsel.

Argued March 18—officially released May 13, 2025

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the defendant filed a cross complaint; thereafter, the case was tried to the court, *Truglia, J.*; judgment dissolving the marriage and granting certain other relief, from which the defendant appealed to this court. *Reversed in part*; *new trial.*

*Janet A. Battey*, for the appellant (defendant).

*Opinion*

ALVORD, J. The defendant, Longbao Xing, appeals from the judgment of the trial court dissolving her marriage to the plaintiff, Mehdi H. Sonthonnax.[1] On appeal,

---

[1] The plaintiff did not file a brief or otherwise participate in this appeal. As a result, on January 3, 2025, this court ordered "that the appeal shall be considered on the basis of the [defendant's] brief and the record, as defined by Practice Book § 60-4, and oral argument, if not waived by the [defendant] or the court. Pursuant to Practice Book § 70-4, oral argument by the [plaintiff] will not be permitted."

the defendant claims that the court improperly based its financial awards on a clearly erroneous factual finding with respect to the plaintiff's income. We agree and, accordingly, reverse in part the judgment of the trial court and remand the matter for a new trial on all financial orders.[2]

The record reveals the following relevant facts and procedural history. The parties were married in 2005 in France and are the parents of one minor child, who was born in 2008. The plaintiff initiated the underlying dissolution proceeding in December, 2020. The matter was tried to the court, *Truglia, J.*, over three days.[3] Both parties testified and presented documentary evidence.

In its November 9, 2023 memorandum of decision, the court made factual findings with respect to each party as follows. The plaintiff is employed by UBS Securities, LLC (UBS), as a quantitative analyst earning a base salary of $300,000 annually plus a discretionary bonus. His bonus in the year prior to the dissolution of the parties' marriage was $250,000 and was paid in cash and stock. The plaintiff also earns $3000 annually as a part-time adjunct professor. The defendant was not working outside of the home at the time of the dissolution, nor had she worked outside the home since the commencement of the dissolution action. The defendant is an accomplished martial artist and previously had worked as a physical education teacher and martial arts instructor. The defendant claimed at trial

---

[2] The defendant also claims that the court improperly based its property division orders on a clearly erroneous factual finding with respect to the parties' real property. Because we agree with the defendant's claim that the court improperly based its financial awards on a clearly erroneous factual finding with respect to the plaintiff's income, we need not reach the defendant's claim with respect to the court's property division orders. See part II of this opinion.

[3] Although represented by counsel initially, the defendant was self-represented during the trial, after her counsel was granted permission to withdraw her appearance.

that she was vocationally disabled due to a serious injury to one of her legs. The court found the defendant not credible as to the extent of her injury and determined that she is not completely physically or vocationally disabled. The court found that the defendant has a light duty work capacity.

The court awarded the parties joint custody of the child, with primary physical custody with the defendant, and set a parenting schedule. The court ordered the plaintiff to pay the defendant child support in the amount of $428 weekly. With respect to property division, the court ordered that "each party should simply retain the assets now in his or her name, free and clear of claims of the other, as a full and final property settlement in this case." The court awarded the defendant alimony in the amount of $7500 monthly for ten years, modifiable as to amount but nonmodifiable as to duration. Finally, the court ordered the plaintiff to pay to the defendant's former counsel $32,128.67 in attorney's fees. Both parties filed motions to reargue, which were denied. This appeal followed.

I

The defendant claims on appeal that the court made a clearly erroneous factual finding with respect to the plaintiff's income. Specifically, she argues that the plaintiff's paystubs, which were introduced into evidence at trial, do not support the income as reported in the plaintiff's financial affidavit and as found by the trial court. We agree.

We first set forth applicable legal principles and our standard of review. "In dissolution proceedings, the court must fashion its financial orders in accordance with the criteria set forth in [General Statutes] § 46b-81 (division of marital property), [General Statutes] § 46b-82 (alimony) and [General Statutes] § 46b-84 (child support). All three statutory provisions require

consideration of the parties' amount and sources of income in determining the appropriate division of property and size of any child support or alimony award." (Internal quotation marks omitted.) *Mensah* v. *Mensah*, 145 Conn. App. 644, 652, 75 A.3d 92 (2013).

"The standard of review in family matters is well settled. An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) Id., 651.

In the present case, the court found in its memorandum of decision that the plaintiff "earns a base salary of $300,000 per year plus a discretionary bonus. Last year, he received a gross bonus of $250,000 in cash and stock. He reports current earnings of $7099 per week, in base and bonus compensation (Defendant's Exs. N & Y). The plaintiff also has a part-time position as an adjunct professor at New York University, from which he earns approximately $3000 each year (Defendant's Ex. X)." In rendering its child support award, the court again stated that the plaintiff had a gross weekly income of $7099.

Following our thorough review of the record, we are left with the definite and firm conviction that a mistake has been committed with respect to the court's finding that the plaintiff earned $7099 per week. In making its finding as to the plaintiff's income, the court first stated that the plaintiff earned a base salary from UBS of $300,000 per year, which amounts to $5769 weekly.[4] That base salary was consistent with paystubs entered into evidence and the plaintiff's testimony. However, the court then found that the plaintiff had a total gross weekly income of $7099, which purported to include his base salary and bonus. In making that finding, the court relied on the income reported on the plaintiff's financial affidavit. That affidavit incorrectly reported a base salary of $4615 weekly from UBS. Because the plaintiff's financial affidavit significantly underreported his gross base income from UBS, the court's finding as to the plaintiff's gross income, made on the basis of the income reported on the affidavit, is clearly erroneous. In other words, the court's finding as to the plaintiff's weekly income cannot be reconciled with its finding as to the plaintiff's base salary, and, thus, its finding is without evidentiary support.[5] See *Ferraro* v. *Ferraro*,

---

[4] Although the plaintiff represented in his financial affidavit that he is paid biweekly by UBS, the paystubs entered into evidence reflect that he is paid semimonthly.

[5] The defendant additionally claims on appeal that the court abused its discretion in rendering its child support order when it used its finding that the defendant possessed a minimum wage earning capacity to calculate the presumptive support amount. We agree.

In its memorandum of decision, the court stated: "The court imputes a minimum wage income to the defendant based on the court's finding that she has a light duty work capacity. Assuming, therefore, a gross weekly income of $7099 for the plaintiff and $600 for the defendant, the presumptive weekly child support amount pursuant to the child support guidelines is $428, payable by the plaintiff to the defendant."

The court erred in calculating the presumptive support amount using the defendant's earning capacity rather than her actual earnings, which were zero. See, e.g., *C. D.* v. *C. D.*, 218 Conn. App. 818, 850–51, 293 A.3d 86 (2023) (child support award calculated on basis of earning capacity was improper where court failed to take mandatory initial step of determining presumptive

168 Conn. App. 723, 733, 147 A.3d 188 (2016) (court's finding as to defendant's net income was not supported by evidence and remand for new hearing was required).

## II

We now consider the appropriate relief in light of our conclusion that the court's factual finding as to the plaintiff's income was clearly erroneous. "Individual financial orders in a dissolution action are part of the carefully crafted mosaic that comprises the entire asset reallocation plan. . . . Under the mosaic doctrine, financial orders should not be viewed as a collection of single disconnected occurrences, but rather as a seamless collection of interdependent elements. Consistent with that approach, our courts have utilized the mosaic doctrine as a remedial device that allows reviewing courts to remand cases for reconsideration of all financial orders even though the review process might reveal a flaw only in the alimony, property distribution or child support awards. . . . Every improper order, however, does not necessarily merit a reconsideration of all of the trial court's financial orders. A financial order is severable when it is not in any way interdependent with other orders and is not improperly based on a factor that is linked to other factors. . . . In other words, an order is severable if its impropriety does not place the correctness of the other orders in question. . . . Determining whether an order is severable from the other financial orders in a dissolution case is a highly fact bound inquiry." (Internal quotation marks omitted.) *C. D.* v. *C. D.*, 218 Conn. App. 818, 852–53, 293 A.3d 86 (2023).

---

support amount pursuant to child support guidelines); *Barcelo* v. *Barcelo*, 158 Conn. App. 201, 215, 118 A.3d 657 ("[a] party's earning capacity is a deviation criterion under the guidelines, and, therefore, a court must specifically invoke the criterion and specifically explain its justification for calculating a party's child support obligation by virtue of the criterion instead of by virtue of the procedures outlined in the guidelines" (internal quotation marks omitted)), cert. denied, 319 Conn. 910, 123 A.3d 882 (2015).

In the present case, we have determined that the court made a clearly erroneous factual finding as to the plaintiff's income, which was expressly considered by the court in issuing its alimony order[6] and incorporated into its calculation of the plaintiff's child support obligation. Accordingly, the alimony and child support orders cannot stand. We further conclude that the court's errors with respect to those orders are not severable from the court's property distribution orders. This is particularly so given that the plaintiff's income was the primary source of support for the family.[7] See *Onyilogwu* v. *Onyilogwu*, 217 Conn. App. 647, 657–58, 289 A.3d 1214 (2023) ("[b]ecause the court's support orders, particularly its spousal support or alimony order, are informed by and reflective of the parties' incomes and assets, as affected by the court's other financial orders, the entirety of the mosaic must be refashioned whenever there is error in the entering of any such interdependent order" (internal quotation marks omitted)). Because it is uncertain whether the property distribution orders will remain intact after reconsidering the child support and alimony orders in a manner consistent with this opinion, we conclude that the entirety of the mosaic must be refashioned. Accordingly, on remand, the court must reconsider all of the financial orders, including the award of attorney's fees.[8]

---

[6] The court's rationale for its alimony award centered on the parties' income: "[W]hile the defendant is not completely vocationally disabled . . . the plaintiff has provided most of the financial support for the family for virtually the entire marriage. . . . [W]hile the defendant may have been employed at various times during the marriage, the record is not clear as to amounts she earned, and when. The court also notes the disparity between what the plaintiff currently earns and the amounts the defendant is likely to earn if she chooses to return to working outside the home."

[7] In its memorandum of decision, the court noted that the defendant listed virtually no assets on her financial affidavit and that the plaintiff showed minimal assets on his financial affidavit.

[8] General Statutes § 46b-62 (a) governs the award of attorney's fees in dissolution proceedings and provides that "the court may order either spouse . . . to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in section 46b-82."

The judgment is reversed only as to the financial orders, including the award of attorney's fees, and the case is remanded for a new trial on all financial issues; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.

---

These criteria include "the length of the marriage, the causes for the . . . dissolution of the marriage . . . the age, health, station, occupation, amount and sources of income, earning capacity, vocational skills, education, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81 . . . ." General Statutes § 46b-82 (a).

"In making an award of attorney's fees under § 46b-82, [t]he court is not obligated to make express findings on each of [the] statutory criteria. . . . Courts ordinarily award counsel fees in divorce cases so that a party . . . may not be deprived of [his or] her rights because of lack of funds. . . . Where, because of other orders, both parties are financially able to pay their own counsel fees they should be permitted to do so. . . . An exception to th[is] rule . . . is that an award of attorney's fees is justified even where both parties are financially able to pay their own fees if the failure to make an award would undermine [the court's] prior financial orders . . . ." (Internal quotation marks omitted.) *O'Brien* v. *O'Brien*, 138 Conn. App. 544, 556, 53 A.3d 1039 (2012), cert. denied, 308 Conn. 937, 66 A.3d 500 (2013).

Because the ordering of attorney's fees is dependent on the respective financial abilities of the parties, the attorney's fee award in the present case must also be reconsidered in light of the new mosaic of financial orders that the court will issue on remand in this case. See id.